**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

**EILEEN LIDDLE,**

          Plaintiff,

          Case No. 26-cv-8879

    vs.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

          Defendant.

---

## COMPLAINT

---

Now comes the Plaintiff, Eileen Liddle, by her attorneys, Hawks Quindel, S.C., complaining against the Defendant, The Lincoln National Life Insurance Company, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Illinois and currently resides in Will County, Illinois.

2. Defendant, The Lincoln National Life Insurance Company ("Lincoln"), is the Plan's claims administrator and, on information and belief, is a corporation organized under the laws of Indiana, licensed to do business in Illinois. The registered agent for service of process under the Plan is Clearwater Paper Corporation, C/O United Agent Group, 707 W. Main Avenue #B1, Spokane, WA 99201.

## JURISDICTION & VENUE

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4. The Court has original jurisdiction over Plaintiff Liddle's claim under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

5. Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

7. Plaintiff was employed as a Machine Operator for Clearwater Paper Corporation in 2006. In January 2023, Plaintiff's health conditions precluded her from continuing to work as a machine operator and she went out on disability leave. She attempted to return to work as a Safety Coordinator in March 2023 but ultimately stopped working due to her health conditions in April 2023.

8. During the course of Plaintiff's employment, Plaintiff became eligible for coverage under the Clearwater Paper Corporation's Group Disability Policy ("the Plan"), which included a long-term disability program.

9. Plaintiff ceased working on or about April 17, 2023, due to her medical conditions, including chronic bilateral lower back pain, lumbar spondylolisthesis, lumbar degenerative disc disease, lumbar radiculopathy, failed neck syndrome, failed back syndrome of lumbar spine,

2

benign paroxysmal positional vertigo ("BPPV"), brachial neuritis, cervical spinal stenosis, right arm paresthesia, osteoporosis, and lipidemia.

10. Upon becoming disabled, Plaintiff filed a claim for LTDI benefits.

11. Defendant approved Plaintiff's claim for LTDI benefits from August 29, 2023, until August 29, 2025.

12. The Social Security Administration determined that Plaintiff was disabled on January 25, 2023, based on the same medical issues that constitute Plaintiff's claim for LTDI benefits.

13. After Plaintiff was awarded SSDI benefits, Defendant offset Plaintiff's LTDI benefit by $1,913.00 per month, resulting in a net LTDI benefit of approximately $1,171.64 per month.

14. Defendant was responsible for determining whether Plaintiff was eligible for LTDI benefits.

15. Defendant was responsible for paying Plaintiff's LTDI benefits.

16. Defendant denied Plaintiff's LTDI benefits claim beyond August 28, 2025.

17. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

18. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

19. Plaintiff submitted all information requested by the Defendant.

20. Defendant did not perform a "full and fair review" of Plaintiff's claim.

21. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

22. Defendant relied on a peer review conducted by a non-treating physician, Kevin Kohan, D.O., that disregarded the results of Plaintiff's Functional Capacity Evaluation ("FCE").

23. Defendant also relied upon a flawed Transferrable Skills Analysis that did not adequately determine whether there were other occupations that Ms. Liddle could perform under the Policy's Any Occupation standard of disability.

24. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

25. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

26. Defendant conducted a selective review of Plaintiff's medical records.

27. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

28. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

29. At all times material to this case, the Plan has remained in full force and effect.

30. Defendant's denial of Plaintiff's claim LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION:
## DENIAL OF BENEFITS IN VIOLATION OF
## SECTION 502(a)(1)(B) OF ERISA

31. The preceding paragraphs are reincorporated by reference as though set forth here in full.

32. Plaintiff has been and remains disabled, as that term is defined by the Plan.

4

33. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is *de novo* as the Plans have not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

34. Alternatively, Plaintiff's claim is subject to *de novo* review pursuant to Wash. Admin. Code § 284-50-321 because Washington is the governing jurisdiction for Defendant's LTDI Policy and, as such, the LTDI Policy is subject to Washington state law.

35. Defendant wrongfully denied LTDI benefits due to Plaintiff.

36. Defendant's denial of Plaintiff's LTDI benefits was incorrect and downright unreasonable.

37. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

## <u>REQUEST FOR RELIEF</u>

**WHEREFORE** the Plaintiff, Eileen Liddle, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plans;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: July 27, 2026

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, EILEEN LIDDLE*


By: /s/ Timothy P. Maynard
Timothy P. Maynard, SBN 1080953
5150 N. Port Washington Road
Suite 243
Milwaukee, Wisconsin 53217
Telephone: 414/271-8650
Facsimile: 414/207-6079
Email: tmaynard@hq-law.com